ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
GILBERT A. CASTRO, Bar No. 269872
gcastro@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
SWINERTON BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAVER,<br><br>    Plaintiff,<br><br>v.<br><br>SWINERTON BUILDERS, a California corporation, and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT     1.     (No. )

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JAMES SHAVER, AND THEIR ATTORNEYS OF RECORD:

1. PLEASE TAKE NOTICE that Defendant SWINERTON BUILDERS ("Defendant") hereby notices the removal of the above-captioned suit from the San Francisco County Superior Court ("Superior Court") to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1331, 1441(a), and 1446(a), (b), (d) and 29 U.S.C. section 216(b). This removal is based on federal question jurisdiction.

2. As required by 28 U.S.C. section 1446(d), Defendant is filing in the Superior Court and serving upon Plaintiffs and their counsel of record a Notice to State Court of Removal of Civil Action to Federal Court, including these removal papers. A true and correct copy of this Notice, without attachments, is attached hereto as **Exhibit A**.

3. In support of this Notice of Removal, Defendant states the following:

## I. STATE COURT PROCEEDINGS

4. On or about April 11, 2017, Plaintiff JAMES SHAVER ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Francisco, captioned *JAMES SHAVER v. SWINERTON BUILDERS, a California Corporation; AND DOES 1 to 25, INCLUSIVE*, Case No. CGC-17-558113 (hereinafter the "Complaint"). The Complaint includes five causes of action, alleging: (1) Failure to Pay Overtime Wages in Violation of Labor Code § 510; (2) Failure to Provide Accurate Wage Statements in Violation of Labor Code § 226; (3) Waiting Time Penalties; (4) Failure to Pay Overtime Wages in Violation of 29 U.S.C. §§ 206, 207 and 216; and (5) Unlawful, Unfair, and Fraudulent Business Practices in Violation of B&P Code §§ 17200 and 17203, *et seq*. A true and correct copy of Plaintiffs' Complaint is attached as **Exhibit B**.

5. On April 13, 2017, Plaintiff's counsel served on Defendant via personal delivery copies of (1) Summons; (2) the Complaint; (3) Civil Case Cover Sheet; and (5) Notice of Plaintiff (of Case Management Conference). *See* Declaration of Brenda Reimche. True and correct copies of these documents, except the Complaint, are attached hereto as **Exhibit C**.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT        2.        (No. )

6. On May 11, 2017, Defendant filed an Answer and General Denial to Plaintiffs' Complaint with the Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit D**.

7. No further pleadings have been filed in Superior Court.

8. This Notice to Federal Court of Removal of Civil Action is timely filed because it is made within thirty (30) days after service upon Defendant of the Complaint, which sets forth the removable claim. *See* 28 U.S.C. § 1446(b).

9. The defendants designated as Does 1 to 25 are fictitious defendants, have not been served and thus need not join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984).

## II. JURISDICTION

10. This is a civil suit brought and now pending in San Francisco County, California. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(b), 1391(a) and 1441(a). This case is one that may be removed to this Court by Defendant because it involves a federal question within the jurisdiction of this Court in that this case arises under the Constitution, laws, or treaties of the United States.

## III. FEDERAL QUESTION JURISDICTION UNDER THE FLSA.

11. This Court has original jurisdiction over this action. *See* 28 U.S.C. § 1331. Specifically, the district courts of the United States have original jurisdiction over all civil actions that pose a federal question, such that the action arises under the Constitution, laws, or treaties of the United States. *Id*. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Plaintiff's Complaint arises under and relates to the federal, 29 U.S.C. section 201, *et seq.* In their Fourth Cause of Action, Plaintiff alleges that, "Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, et seq.)" and "[i]n failing to pay Plaintiff overtime wages at one and one-half times his regular rate of pay, failing

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

3.

(No. )

to pay the overtime wage, and failing to pay all regular minimum wages, Defendants willfully violated the FLSA." Complaint ¶¶ 29, 31.. In their Prayer for Relief, Plaintiffs seek "liquidated damages pursuant to 29 U.S.C. §216…" Complaint p. 7. Because the express allegations in the Complaint present a federal question under the FLSA, Defendant may remove the Complaint to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695-696 (2003) (upholding removal of action under FLSA).

13. This Court has supplemental jurisdiction over Plaintiff's state law causes of action because they form part of the same case or controversy as Plaintiff's FLSA claim. *See* 28 U.S.C. § 1367(a). In this regard, Plaintiff's state law claims for overtime wages under California Labor Code § 510 and derivative claims for unfair business practices, inaccurate wage statements, and waiting time penalties under California Labor Code §§ 201 and 202 are based on the same or similar factual allegations and will necessarily involve common issues of law and fact as Plaintiffs' claims for unpaid overtime compensation under the FLSA. Moreover, Plaintiff's state law causes of action do not involve any novel or complex issue of state law, do not substantially predominate over Plaintiffs' FLSA claims, and do not present exceptional or compelling circumstances for this Court to decline jurisdiction. *See* 28 U.S.C. § 1367(c). The entire action is appropriately removed to this Court for this reason alone.

## IV. CONCLUSION

14. Plaintiffs' Complaint is removable to this Court pursuant to 28 U.S.C. sections 1331, 1367(a), 1441, and 29 U.S.C. section 216(b), and Defendant hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: May 12, 2017

/s/ *Elizabeth Staggs Wilson*
ELIZABETH STAGGS WILSON
GILBERT A. CASTRO
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SWINERTON BUILDERS

Firmwide:147530236.2 999999.1067

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT         4.                    (No. )