ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA  90071
Telephone:    213.443.4300
Facsimile:    213.443.4299

KATHERINE KIMSEY, Bar No. 300224
kkimsey@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
SWINERTON BUILDERS


KEVIN R. ELLIOTT, ESQ., Bar No. 276295
kelliott@sheamcintyre.com
JOHN F. McINTYRE, JR., ESQ. Bar No. 172128
jmcintyre@sheamcintyre.com
SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126-1144
Telephone:    408.298.6611
Facsimile:    408.275.0814

Attorneys for Plaintiff
JAMES SHAVER


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| JAMES SHAVER,<br><br>               Plaintiff,<br><br>     v.<br><br>SWINERTON BUILDERS, a California corporation, and DOES 1 to 25, inclusive,<br><br>              Defendants. | Case No. 3:17-cv-02752-WHO<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE WILLIAM H. ORRICK<br><br>**NOTICE OF MOTION AND JOINT ADMINISTRATIVE MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA  94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT                    1.                    (No. 3:17-cv-02752-WHO)

TO: HONORABLE WILLIAM H. ORRICK:

PLEASE TAKE NOTICE that at a date and time set by the court, if necessary, Plaintiff James Shaver ("Plaintiff") and Defendant Swinerton Builders ("Defendant" or "Swinerton") jointly move this Court for approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") in this matter and an entry of an order of dismissal with prejudice of all of Plaintiff's claims. Plaintiff and Defendant (collectively, the "Parties") have agreed that the terms reflected in the settlement are mutually satisfactory and represent a fair and reasonable compromise of Plaintiff's disputed FLSA claims. The grounds for this joint motion are set forth in the following memorandum of law and supporting declarations.

This motion is based upon this Joint Motion and Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Gilbert Castro, the Declaration of Kevin Elliott, and all other documents and records on file in the above-entitled matter.

Dated: February 23, 2018

/s/ Elizabeth Staggs Wilson
ELIZABETH STAGGS WILSON
KATHERINE KIMSEY
LITTLER MENDELSON, P.C.

Attorneys for Defendant
SWINERTON BUILDERS

Dated: February 23, 2018

/s/ Kevin R. Elliott
KEVIN R. ELLIOTT, ESQ.
SHEA & McINTYRE, A P.C.

Attorneys for Plaintiff
JAMES SHAVER

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT 2. (No. 3:17-cv-02752-WHO)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

  **A.     Statement of the Case**

    On April 11, 2017, Plaintiff James Shaver, a former Project Manager employed by Swinerton, filed this action for unpaid overtime under the California Labor Code and Fair Labor Standards Act ("FLSA.")  Swinerton is a commercial construction company that provides services in the Western United States for commercial office, retail, multi-family residential, hospitality, healthcare, education, energy, and the entertainment sectors.  Plaintiff worked as a Construction Project Manager for Swinerton in its Swinerton Carpentry Services division.  He was classified as an exempt employee.

    Shaver's primary allegation is that he was misclassified as an exempt employee and was therefore not properly paid overtime, as required by California Labor Code § 510 and the FLSA (U.S.C. §§ 206, 207 and 216).  Complaint ¶9.  He also brings derivative claims for inaccurate wage statements under Labor Code § 226, waiting time penalties under Labor Code §§ 201 and 203, and unfair business practices.  Complaint at p. 4-6. Defendant strenuously denies Plaintiff's allegations and asserts that at all times Plaintiff was properly classified as exempt.  Declaration of Gilbert A. Castro ("Castro Dec.") ¶3.

    On May 12, 2017, the case was properly removed from state court to the Northern District of California.  Prior to the initial case management conference with the Court, the parties met and conferred and agreed to seek an early mediation of this case.  Declaration of Kevin Elliott ("Elliot Dec.") ¶2.  On August 14, 2017, the Court ordered the parties to mediate the case through the Court's ADR program and assigned mediator Martin Dodd to handle the matter.

  **B.     Investigation and Discovery**

    Counsel for the Parties have conducted thorough investigations into the facts of this litigation, including review of relevant documents and interviews with relevant witnesses.  Elliot Dec. ¶2.  Further, Plaintiff has conducted written discovery, including propounding and responding to written discovery requests.  Elliot Dec. ¶2.

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT     3.     (No. 3:17-cv-02752-WHO)

**C.      Settlement and Negotiations**

On December 15, 2017, the Parties held mediation proceedings with the Court appointed mediator Martin Dodd.  Castro Dec. ¶2; Elliott Dec. ¶2.  Following good faith, arm's length negotiations at mediation, the Parties reached a settlement resolving all of Plaintiff's claims, including his claims under the FLSA.  Castro Dec. ¶3; Elliott Dec. ¶3.  The Parties entered into two separate settlement agreements: one resolving only Plaintiff's FLSA claims and a second agreement resolving his remaining claims and including a general release.  Castro Dec. ¶3; Elliott Dec. ¶3.  The Parties now file this Joint Motion for Approval of the FLSA portion of the settlement.

**II.      LEGAL ARGUMENT**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect.  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in *Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. ***When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.***

*Id*. at 1352-53 (emphasis supplied).

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Lynn,* 679 F.2d at 1354-55.  In determining whether the proposed settlement is a fair and reasonable resolution of the claim, the District Court generally reviews the settlement using the factors adopted for reviewing the fairness of class action settlements generally.  *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  These factors include: (1) the existence of fraud or collusion; (2) the stage of the proceedings and the amount of discovery completed; (3) the complexity, expense and likely duration of the litigation; (4) the probability of plaintiff's success on the merits; (5) the range of possible

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT                                          4.                          (No. 3:17-cv-02752-WHO)

recovery; and (6) the opinions of counsel. *Id.* If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn*, 679 F.2d at 1354. There is a "strong presumption" that an FLSA settlement reached as part of the settlement of a lawsuit is fair, reasonable and adequate under these factors. *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (in reviewing the settlement of a FLSA claim, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair").

## III.    THE SETTLEMENT IS FAIR AND REASONABLE

### A.    Settlement was Reached in an Adversarial Context.

The settlement in the instant action occurred in adversarial context of a private lawsuit before the Honorable William H. Orrick. Settlement was achieved through a good-faith, arm's length mediation process, ordered by the Court, facilitated by mediator Martin Dodd, who was assigned by the Court. Castro Dec. ¶3; Elliott Dec. ¶3.

### B.    There Are Issues of FLSA Coverage In Dispute.

Plaintiff alleges Defendant improperly classified him as exempt and therefore improperly failed to pay him overtime. Complaint ¶¶9-10. However, Defendant contends that Plaintiff was properly classified as exempt under the administrative exemption to the FLSA. Castro Dec. ¶3. During mediation, Defendant argued that there is substantial case law to support Defendant's contention that Plaintiff's position as a Construction Project Manager properly falls within the administrative exemption of the FLSA. Defendant argued that Plaintiff's duties included many of those enumerated under the FLSA as meeting the requirements for the administrative exemption, including "…budgeting; auditing...quality control; purchasing; procurement; [and] personnel management…" 29 C.F.R. § 541.201. Defendant also noted that numerous courts have found similar positions to fall within the administrative exemption. *See, i.e. Self v. Meritage Homes Corp.* 2014 WL 2171468 at *1 (S.D. Texas, May 23, 2014) (finding construction managers for home construction company to be exempt under the administrative exemption); *Black v. Colaska, Inc.*, 2008 WL 4681567 (W.D.Wa.2008) (finding construction project manager to be an exempt employee under the administrative exemption); *Reyes v. Hollywood Woodwork Inc.*, 360 F. Supp. 2d 1288,

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT                                    5.                        (No. 3:17-cv-02752-WHO)

1291 ( S.D. Fla. 2005) (plaintiff who worked as an Estimator for a construction company was found to be properly classified as exempt where his job was to prepare competitive bids for construction projects and estimate the costs for materials and labor.)

Thus, there exists an actual dispute between the Parties whether the FLSA is a viable claim in this Action.

**C.      The Settlement is a Fair, Reasonable, and Adequate Resolution of this Action.**

The Parties recognized that early resolution of this matter was in the Parties' best interest and therefore sought an early mediation through the Court's ADR program.  Elliott Dec. ¶2. To help facilitate that process, the Parties agreed to limit pre-mediation discovery.  Elliott Dec. ¶2. However, the Plaintiff did propound written discovery requests, including request for production of documents, sufficient to enter into mediation with sufficient information to reach a fair and reasonable settlement.  Elliott Dec. ¶¶2-3.

Martin Dodd conducted the mediation in a fair and impartial manner.  Castro Dec. ¶3; Elliott Dec. ¶3.  Further, the settlement is fair and reasonable, given the uncertainty regarding Plaintiff's claims and whether he would be able to prevail at all based upon Defendant's contentions regarding his status as an exempt employee under the administrative exemption to the FLSA.  Castro Dec. ¶3; Elliott Dec. ¶3.

Further there is no evidence of collusion between the Parties and counsel for both Plaintiff and Defendant confirm that this settlement is fair and reasonable. Castro Dec. ¶3; Elliott Dec. ¶3.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA  94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT      6.      (No. 3:17-cv-02752-WHO)

## CONCLUSION

For the foregoing reasons, the Parties request that the Court approve the proposed Agreement and the Parties' settlement of Plaintiff's FLSA claims.

Dated: February 23, 2018

_/s/ Elizabeth Staggs Wilson_
ELIZABETH STAGGS WILSON
KATHERINE KIMSEY
LITTLER MENDELSON, P.C.

Attorneys for Defendant
SWINERTON BUILDERS

Dated: February 23, 2018

_/s/ Kevin R. Elliott_
KEVIN R. ELLIOTT, ESQ.
SHEA & McINTYRE, A P.C.

Attorneys for Plaintiff
JAMES SHAVER

Firmwide:151972157.1 087201.1003

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT

7.

(No. 3:17-cv-02752-WHO)